**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIA CARREON,**

**Plaintiff,**

**v.** **Case #________________________**

**BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE and METROPOLITAN LIFE INSURANCE COMPANY,**

**Defendants.**
________________________________/

**COMPLAINT**

The Plaintiff, MARIA CARREON (hereafter referred to as "CARREON") sues the Defendants, BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE (BOA) and METROPOLITAN LIFE INSURANCE COMPANY (hereafter referred to as "METLIFE"), and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. METLIFE is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. Bank of America is a company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

5. CARREON is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

6. CARREON is and/or was a former employee of Bank of America.

7. At all relevant times, CARREON was a participant in an employee benefit plan providing disability benefits sponsored by her employer, Bank of America ("the Plan").

8. Bank of America is the Plan Sponsor for the Short Term Disability Plan.

9. The Short Term Disability Plan is self-funded by Bank of America.

10. BOA is the Short Term Plan Administrator.

11. Bank Of America is the Plan Sponsor for the Long Term Disability Plan.

12. BOA is the Plan Administrator for the Long Term Disability Plan.

13. METLIFE is the Claim's Administrator for both the Short Term Disability and the Long Term Disability Plan.

14. Bank of America played no part in the administration of the plan or claims determination those determinations were made by BOA and METLIFE.

15. A copy of the document which was purported to be the Plan's Long

Term Group Policy is attached hereto and incorporated by reference as **Exhibit "A."** CARREON believes that the Group Policy was prepared by METLIFE, not Bank of America System.

16. The document claimed to be the Long Group Policy is a group Disability insurance policy issued and underwritten by METLIFE (Group Policy No. 34701-2-G – Exhibit "A").

17. Attached hereto and incorporated by reference as **Exhibit "B"** is the Summary Plan Description referencing the Short and Long Term Disability Plan.

18. METLIFE and BOA made benefits determinations under the group policy, including the determination made on Plaintiff's claim.

19. The Plan's terms do not grant discretionary authority to METLIFE or BOA, or alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to METLIFE or BOA. De novo review applies to this action.

20. METLIFE not only decides which claims are paid under the Long Term Disability Plan, but it also pays any such claims from its own assets. To the extent that the court determines that de novo review does not apply, the following factors must be considered:

a) METLIFE's conflict of interest based on its paying claims when the funds at stake are not plan assets, but instead are METLIFE assets; and

b) As the insurer of the Plan which also makes claim determinations, METLIFE is subject to a higher than marketplace duty as an ERISA fiduciary.

21. BOA not only decides which claims are paid under the Short Term Disability Plan, but it also pays any such claims from its own assets. To the extent that the court determines that de novo review does not apply, the following factors must be considered:

a) BOA's conflict of interest based on its paying claims when the funds at stake are not plan assets, but instead are BOA assets; and

b) As the insurer of the Plan which also makes claim determinations, BOA is subject to a higher than marketplace duty as an ERISA fiduciary.

**Short Term Disability Benefits**

22. CARREON restates and incorporates by reference paragraphs 1-23.

23. CARREON last worked on April 16, 2018 and made a claim for Short Term Disability benefits.

24. BOA and METLIFE denied CARREON's Short Term Disability benefits on May 16, 2018.

25. CARREON appealed that denial and as proof of disability, submitted the reports and findings of her treating doctor, Fazi Ahmed, M.D.

26. On January 11, 2019 BOA and METLIFE upheld its denial of CARREON's benefits.

27. There are 6 months of past due monthly benefit payments owed through October 16, 2018; and at the rate of 100% for week 2 through 9 and 70% for week 10 through 26. BOA and METLIFE has deprived CARREON of the aggregate sum of $ 24,930.72.

28. Plaintiff is entitled to benefits herein because:

a) The benefits are permitted under the Plan.

b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

c) Plaintiff has not waived or relinquished entitlement to the benefit.

29. Each monthly benefit payment owed since April 17, 2018, is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

30. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), CARREON is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, CARREON, asks this Court to enter judgment against the Defendants, BOA and METLIFE, finding that:

a) The Plaintiff is entitled to Short Term Disability benefits from April 17, 2018, through October 16, 2018; and

b) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from April 17, 2019 to October 16, 2018—a total of $ 24,930.72—together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

c) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendants to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

**Long Term Disability Benefits**

31. CARREON restates and incorporates by reference paragraphs 1-23.

32. On September 25, 2018, METLIFE provided CARREON with a Long Term Disability Application.

33. CARREON submitted the Long Term Disability Application on October 2, 2018.

34. On October 12, 2018, METLIFE denied CARREON's benefits.

35. CARREON filed a timely appeal on February 11, 2019.

36. METLIFE upheld its original denial on May 9, 2019.

37. METLIFE has refused to pay the benefits sought by CARREON and as ground for such refusal has alleged that Plaintiff does not meet the definition of disability from any occupation.

38. With respect to all claims made herein, CARREON has exhausted all administrative/pre-suit remedies.

39. CARREON is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since October 16, 2018 through the date of filing this action.

40. CARREON has met the definition of total disability based upon restrictions and limitations stemming from stress, depression, anxiety and panic disorder.

41. CARREON's treating physician notes prove her restrictions and limitations have not improved since METLIFE refused to pay Long Term Disability benefits.

42. CARREON has not been released back to work.

43. METLIFE claims CARREON does not meet the definition of disability after following peer reviews by physicians that have not even examined CARREON.

44. METLIFE owes CARREON's benefits at a rate of $3,257.28 per month.

45. There are 8 months of past due monthly benefit payments owed through the date of filing this action; and at the rate of $3,257.28 per month, METLIFE has deprived CARREON of the aggregate sum of $28,593.16.

46. Plaintiff is entitled to benefits herein because:

d) The benefits are permitted under the Plan.

e) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

f) Plaintiff has not waived or relinquished entitlement to the benefit.

47. Each monthly benefit payment owed since October 16, 2018, is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

48. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), CARREON is

entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, CARREON, asks this Court to enter judgment against the Defendant, METLIFE, a foreign corporation, finding that:

e) The Plaintiff is entitled to Long Term Disability benefits from October 16, 2018, through the filing of this lawsuit; and

f) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from October 16, 2018, to the date of filing this lawsuit total of $28,593.16 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

g) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

h) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this **11th** day of **July 2019**

____________________________
WILLIAM C. DEMAS, ESQUIRE
Florida Bar # 0142920
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER LAW GROUP, P.A.
5235 16th St. North
St. Petersburg, FL 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415
demas@tuckerlawgroup.com
tucker@tuckerlawgroup.com
Attorneys and Trial Counsel for Plaintiff